THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ZACHARY SCOTT, Defendant-Appellant.

Fourth District No. 4—95—0504

Opinion filed November 1, 1996.

Daniel D. Yuhas and Michele A. Knapp, both of State Appellate Defender's Office, of Springfield, for appellant.

Charles Colburn, State's Attorney, of Jacksonville (Norbert J. Goetten,

Robert J. Biderman, and Jeffrey K. Davison, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE McCULLOUGH delivered the opinion of the court:

After a jury trial conducted in the circuit court of Morgan County, defendant Zachary Scott was found guilty of aggravated criminal sexual abuse of W.S. (720 ILCS 5/12—16(c)(1)(i) (West 1992)). W.S. was five years old at the time of the incident. Defendant was sentenced to 15 years' imprisonment, with credit for 77 days previously served, and three years' mandatory supervised release.

■ The issues are whether (1) the trial court committed plain error by failing to hold a hearing outside the presence of the jury to determine the reliability of W.S.'s out-of-court statements and failing to give the jury an instruction on determining the weight and credibility to be given these statements; (2) it was error to allow W.S. to testify by closed circuit television; and (3) defendant should have been given credit against his sentence for seven additional days previously served. The State concedes defendant was entitled to a total sentencing credit of 84 days. In light of the State's concession, the cause will be remanded for a correction to the sentencing order to provide defendant with a sentencing credit of 84 days. In all other respects, the judgment is affirmed.

■ Defendant argues the testimony of Deanna Sanders, Anna Bangert, and Dr. Anthony Galloway concerning statements made to each by W.S. should not have been admitted into evidence without a hearing to determine the reliability of those statements and without an appropriate jury instruction. 725 ILCS 5/115—10(b), (c) (West 1994). Although defendant did not raise the issue in his post-trial motion, he now claims it is plain error. Under the plain error rule (134 Ill. 2d R. 615(a)), an error that was not properly preserved for review may, nevertheless, be considered if the error affects a substantial right of defendant such that he was denied a fair trial or the evidence is closely balanced. See *People v. Herrett*, 137 Ill. 2d 195, 209-10, 561 N.E.2d 1, 7-8 (1990).

■ Where section 115—10 of the Code of Criminal Procedure of 1963 (Code) is the sole basis for the admission of the testimony, the failure to conduct such a hearing and to give an appropriate instruction can be plain error. See *People v. Mitchell*, 155 Ill. 2d 344, 350-56, 614 N.E.2d 1213, 1215-18 (1993). However, that section of the Code is not the only basis upon which such statements may be admitted into evidence. See *People v. Nevitt*, 135 Ill. 2d 423, 443-46, 553 N.E.2d 368, 375-76 (1990); *People v. White*, 198 Ill. App. 3d 641, 648-56, 555 N.E.2d 1241, 1246-51 (1990), *aff'd, White v. Illinois*, 502 U.S. 346, 116 L. Ed.

2d 848, 112 S. Ct. 736 (1992). The trial court admitted the testimony of the three witnesses concerning W.S.'s statements as spontaneous declarations exceptions under the hearsay rule.

Deanna Sanders, defendant's girlfriend, testified to a conversation with W.S. which occurred immediately after the incident. Bangert is a registered nurse employed in the emergency room to which W.S. was taken. W.S. spoke to her in response to an inquiry as to why she was there. Galloway was W.S.'s examining physician. When defendant did make an untimely objection to this testimony at trial, the trial judge explained that these statements were being admitted under the spontaneous declaration exception to the hearsay rules, not section 115—10 of the Code.

■ On appeal, defendant does not argue that the trial court erred in finding the statements of W.S. to the witnesses were spontaneous declarations and admissible under common law exceptions to the rule against the admission of hearsay. As a result, it is unnecessary to consider whether the failure to follow procedure discussed in section 115—10 of the Code was plain error and requires reversal. Defendant has not demonstrated any error occurred at trial. He does not challenge the sufficiency of the other evidence, in particular W.S.'s testimony and the testimony of her mother that she observed defendant in the act of molesting her daughter. The evidence is not closely balanced, and the plain error doctrine will not be invoked in this case.

■ Furthermore, it was not an abuse of discretion for the trial judge to allow W.S. to testify by means of closed circuit television. W.S. was six years old at the time of testifying. This procedure is permissible if the trial judge determines that the child will suffer severe emotional distress (1) such that she cannot reasonably communicate, or (2) that is likely to cause the child to suffer severe adverse effects. 725 ILCS 5/106B—5(a)(2) (West 1994). Defendant asserts that the evidence was not sufficient to support such a finding by the trial court.

W.S.'s mother testified W.S. had been going to counseling. The child got very upset when asked about it. When she first met with the State's Attorney, she cried and was unable to respond to questions. At the second meeting, she drew pictures, but still could not communicate verbally. W.S.'s mother felt the child could not testify in the courtroom in front of the jurors because she was very shy and embarrassed. Admittedly, W.S.'s mother had no training or expertise in child psychology.

Defendant, in violation of Supreme Court Rule 341(e)(7) (155 Ill. 2d R. 341(e)(7)), cites no legal authority supporting the argument that

this evidence is insufficient. Defendant does not suggest what would be sufficient evidence. In this case, the evidence was sufficient to find W.S. would suffer serious emotional distress such that she could not reasonably communicate. It is not necessary for a child psychologist to testify to make this determination.

In *People v. Weninger*, 243 Ill. App. 3d 719, 726, 611 N.E.2d 77, 83 (1993), the court applied the predecessor statute, which, in the parts relevant to this case and *Weninger*, was virtually the same as the current statute. In *Weninger*, a mental health nurse did testify. However, in that case, the basis for allowing testimony by closed circuit television was that testimony in the courtroom was likely to cause the child to suffer severe adverse effects. That was a different basis than was used in this case. Here, the trial court found that testifying in the courtroom would result in the child suffering severe emotional stress such that she could not reasonably communicate. No abuse of discretion has been demonstrated with regard to the trial court's allowing W.S. to testify by closed circuit television.

The cause is remanded for the limited purpose of amending the sentencing order to reflect seven additional days' credit. In all other respects, the judgment of the circuit court of Morgan County is affirmed.

Affirmed in part and reversed in part; cause remanded with directions.

GREEN and STEIGMANN, JJ., concur.